JS-6

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

**CASE NO.:** CV 15-00058 SJO (MANx)     **DATE:** January 21, 2015

**TITLE:** Ezra Investments LLC v. Adam Salazar et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                         Not Present
Courtroom Clerk                       Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**     **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR COUNTY OF LOS ANGELES; DENYING DEFENDANT'S REQUEST TO PROCEED IN *FORMA PAUPERIS* AS MOOT** [Docket No. 3]

This matter is before the Court on its own motion. On September 11, 2014, Plaintiff Ezra Investments LLC ("Plaintiff"), initiated this unlawful detainer action in the Superior Court of California Los Angeles County. (*See generally* Notice of Removal ("Notice"), Ex. A ("Compl."), ECF No. 1.) In the Complaint, Plaintiff alleges that Defendants Adam Salazar ("Salazar") and other "unauthorized occupants" (collectively, "Defendants") have failed to pay rent and remain in unlawful possession of the property located at 4917 S. Central Avenue, Los Angeles, CA 90011 (the "Property") after being served with a 30-day notice to quit on July 25, 2014. (Compl. ¶¶ 3, 7-8.) On January 5, 2015, Salazar removed the action to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted). Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). Here, Defendants argue that the Court has diversity jurisdiction over Plaintiff's solitary unlawful detainer claim. (Notice ¶¶ 6-12.)

Diversity jurisdiction requires: (1) complete diversity, so that each plaintiff is a citizen of a different state from each defendant; and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *see also Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981). For purposes of diversity, corporations are citizens of their state of incorporation and the state in which

JS-6
**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  **CV 15-00058 SJO (MANx)**          **DATE:**  **January 21, 2015**

they have their principal place of business, 28 U.S.C. § 1332(c), individuals are citizens of their state of domicile, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), and limited liability companies share the citizenship of their members, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Defendants baldly assert, without any supporting evidence, that there is complete diversity of citizenship between the parties because Salazar is a resident of California while Plaintiff is incorporated in a state "other than California" and therefore is not a citizen of California. (Notice ¶ 6.) Defendants also allege, again without support, that the amount in controversy more likely than not exceeds $75,000 "based on Plaintiff's claims, [its] alleged injuries and the recovery sought." (Notice ¶ 10.) Neither allegation is supported by the Complaint.

First, Plaintiff clearly alleges that it is California Limited Liability Company ("LLC"). (Compl. ¶ 2.) However, because LLCs share the citizenship of their members, *see Johnson* , 437 F.3d at 899, the absence of information in Defendants' Notice regarding the citizenship of Plaintiff's members makes it impossible for the Court to discern whether any of Plaintiff's members, like Salazar, are citizens of California. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64-65 (9th Cir. 2011) (remanding to state court and holding that appellees' failure to allege the citizenship of the members of the appellant limited partnerships and limited liability corporations rendered their notice of removal defective). Second, Defendants allege that the amount in controversy more likely than not surpasses the $75,000 threshold, but offer no support for this assertion. (Notice ¶ 10.) Further, such an allegation is belied by the Complaint, which states that the amount demanded by Plaintiff does not exceed $10,000. (Compl. 1[1].) It is Plaintiff, not Defendants, who determines the amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[T]he sum claimed by the plaintiff controls"). Here, Plaintiff asserts one cause of action for unlawful detainer and seeks damages of $63.33 per day. (Compl. ¶ 11.) This amounts to $23,115.45 per year, and the instant action has been pending for less than six months. For the aforementioned reasons, Defendants have failed to establish either complete diversity or a sufficient amount in controversy for the purpose of evoking diversity jurisdiction. *See Gaus*, 980 F.2d at 566; 28 U.S.C. § 1332(a).

Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County. Because this matter is hereby remanded to the state court, this Court **DENIES** Salazar's Request to Proceed in *Forma Pauperis* **as moot**. This action shall close.

IT IS SO ORDERED.

---

[1] The citation refers to the first page of Exhibit A to the Notice of Removal.